```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT

ERIC ATKINSON,                    :
                                  :
     Plaintiff,                   :
                                  :         PRISONER
v.                                :         Case No. 3:04CV1695(RNC)
                                  :
THERESA LANTZ, et al.,            :
                                  :
     Defendants.                  :
```

RULING AND ORDER

Plaintiff, a Connecticut inmate proceeding pro se and in forma pauperis, brings this action pursuant to 42 U.S.C. § 1983.[1] He alleges that the defendants used excessive force against him and denied him due process in a disciplinary proceeding. Defendants Lantz and Choinski have moved for summary judgment based on plaintiff's deposition testimony that neither of them did anything to injure him and that both are named as defendants in this action only because they supervised the other defendants. Plaintiff has not responded to the motion. For the reasons that follow, the motion is granted.

---

[1] The complaint also invokes 42 U.S.C. §§ 1981, 1985(3), and 1986, but does not allege racial discrimination and therefore fails to state a claim for relief under those statutes. See Mian v. Donaldson, Lufkin & Jenrette Sec. Corp., 7 F.3d 1085, 1087 (2d Cir. 1993); Gagliardi v. Village of Pawling, 18 F.3d 188, 193-94 (2d Cir. 1994). Accordingly, those claims must be dismissed without prejudice. See 28 U.S.C. § 1915(e)(2)(B)(ii)(directing court to dismiss prisoner's civil action "at any time if the court determines that. . . the action. . . fails to state a claim on which relief may be granted").

The complaint alleges the following facts.  While incarcerated at Northern Correctional Institution, plaintiff received a disciplinary report, and was placed in restraints, for allegedly throwing urine at defendant Zina.  The next day, Zina told defendant Casey that plaintiff had just attempted to swallow an excessive, and potentially fatal, amount of medication.  When questioned by Casey, plaintiff denied having any medication, accused Zina of lying, and told Casey to leave.  In response, Casey sprayed a chemical agent directly into plaintiff's face.  Plaintiff still denied having any medication, so defendants Zina, Perkins, Pafumi and Melbourne entered his cell and beat him.  Melbourne and Pafumi then took the plaintiff to the shower for decontamination and held his head under the water as if they were trying to drown him.  No medication was found in plaintiff's cell.  Nevertheless, he received disciplinary reports for possession of contraband and self-mutilation and was found guilty of these charges after a pro forma hearing.

Under Federal Rule of Civil Procedure 56(c), summary judgment may be granted if there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law.  When a party fails to respond to a summary judgment motion, the record must still be examined to determine whether this standard is met.  See Amaker v. Foley, 274 F.3d 677, 681 (2d

Cir. 2001); see also Vt. Teddy Bear Co. v. 1-800 Beargram Co., 373 F.3d 241, 246 (2d Cir. 2004).  The court must credit all evidence favoring the nonmovant, give the nonmovant the benefit of all reasonable inferences, and disregard all evidence favorable to the movant that a jury would not have to believe. Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 150-51 (2000).

After conducting this review, the court is satisfied that defendants Lantz and Choinski are entitled to summary judgment. Plaintiff cannot recover against these defendants merely because their subordinates committed the alleged violations.  See Leonard v. Poe, 282 F.3d 123, 140 (2d Cir. 2002).  Instead, he must be able to prove that they are personally responsible for the alleged violations because of their own unlawful acts or omissions.  See Lugar v. Edmondson Oil Co., Inc., 457 U.S. 922, 931 (1982); Blyden v. Mancusi, 186 F.3d 252, 264 (2d Cir. 1999). Crediting plaintiff's deposition testimony, Lantz and Choinski were not involved in the alleged attack or the subsequent disciplinary hearing and are named as defendants solely because of the actions of their subordinates.

Accordingly, the motion for summary judgment is hereby granted [doc. # 16].  The claims against defendants Lantz and Choinski under § 1983 are dismissed with prejudice.  In addition,

the claims against all the defendants under §§ 1981, 1985(3) and 1986 are dismissed without prejudice.  If plaintiff believes he can adequately plead claims under §§ 1981, 1985(3) and 1986, he must file and serve an amended complaint within thirty days of this order.  If he does not file an amended compliant by then, the dismissal will be with prejudice.

    So ordered.

    Dated this 24th day of July, 2006, at Hartford, Connecticut.


                                             \s\
                                      Robert N. Chatigny
                                United States District Judge